[S. F. No. 10106. In Bank.—September 11, 1922.]

## ELLA M. MURPHY, Petitioner, v. JOSEPH S. KOFORD, as Judge, etc., Respondent.

[1] APPEAL — ORDER OF SALE OF REAL PROPERTY — STAY OF EXECUTION—FIXING OF UNDERTAKING—STATUTORY RIGHT OF APPELLANT. On an appeal from an order directing a sale of real property, an objection to an application for an order fixing the amount of the undertaking to stay execution pending the appeal, that the appeal is vexatious and frivolous because it is without merit, is not sufficient to justify the refusal of the application, since the statute gives a party a right of appeal and authorizes a stay of execution on the filing of the undertaking without regard to the merits of the appeal.

APPLICATION for a Writ of Mandate to compel the superior court to fix a bond on appeal. Granted.

The facts are stated in the opinion of the court.

Hayes, Oliphant & Dukette for Petitioner.

Keyes & Erskine and Haven, Athearn, Chandler & Farmer for Respondent.

SHAW, C. J.—The petitioner asks for a writ of mandate to compel the superior court to fix a bond on appeal from an order of the court below declaring that the defendant in the action was entitled to a writ of execution upon a previous judgment for the sale of the property

therein described. The order was made on the thirtieth day of September, 1921.

The judgment upon which the order was made was dated September 28, 1920, and declared that the defendant would be entitled to a writ of execution for the sale of the property described, unless the plaintiff, within ninety days from the date on which defendant offered her a deed, duly signed and acknowledged, for said property, should tender to the defendant the sum of $4,485, with interest thereon after said tender. On December 31, 1920, a deed was tendered her by said defendant, and the time for payment was extended to July 15, 1921, by stipulation. On that day the plaintiff appeared at the office of Haven, Athearn, Chandler and Farmer, and tendered said amount to Fred G. Athearn, one of the attorneys for the said defendant. Athearn, at that time, did not have charge of the matter, and was ignorant of the details of the said transaction. On that account he said he would neither accept nor refuse the tender. He did, however, tender the deed which had been previously tendered by said defendant to Ella M. Murphy, and was rejected because of alleged defects therein.

From the said order of September 30, 1921, she has appealed, and now applies to this court as aforesaid, for an order fixing the amount of bond to be executed on behalf of said plaintiff, which the court below refused.

It cannot be said that the order of September 30, 1921, does not require the sale of real property. It expressly directs that a writ of execution issue to the sheriff, commanding him to sell the real property described in the previous judgment, to satisfy the sum of $4,485 with interest thereon from December 31, 1920. It required a finding, and the finding was made, that the defendant had tendered a deed on that date to the plaintiff.

Hence the provisions of section 945 of the Code of Civil Procedure apply to the case and the plaintiff is entitled to a stay of execution on giving the required undertaking.

[1] The only objection that is made to the application is that the appeal is vexatious and frivolous because it is without merit, and the order would necessarily be sustained. This is not sufficient. The statute gives a party a right of appeal and authorizes a stay of execution on the filing of the undertaking. This is without regard to the merits

of the appeal. A stay may be had as well on a frivolous appeal as on any other. We are not at liberty to add to the statutory requirements.

Let a writ issue as prayed for.

Lennon, J., Myers, J., *pro tem.*, Lawlor, J., Waste, J., and Richards, J., *pro tem.*, concurred.